UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDORONESIA HARDING | ) | JURY TRIAL DEMANDED |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.  CIV-18-629-D |
| | ) | |
| PHOENIX FINANCIAL SERVICES | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

COMPLAINT AND DEMAND FOR JURY TRIAL

I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Andronesia Harding, an individual consumer, against Defendants Phoenix Financial Services for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact

1

business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

## III. PARTIES

3. Plaintiff Andronesia Harding (hereinafter "Ms. Harding"), is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Ms. Harding is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

4. Upon information and belief, Defendant Phoenix Financial Services LLC. is an Indiana corporation engaged in the business of collecting debt in the state of Oklahoma and may be served with process at 10300 Greenbriar Place, Oklahoma City, Oklahoma 7315.

5. Phoenix Financial Services LLC is engaged in the collection of debt consumers using mail and telephone. Phoenix Financial Services LLC regularly attempts to collect consumers' debt alleged to be due by another.

## IV. FACTS OF THE COMPLAINT

6. Defendant Phoenix Financial Services, LLC. (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692(a)(6).

7. On or about February 25, 2018, Ms. Harding applied for and was denied a mortgage. Ms. Harding subsequently obtained a copy of her credit report and noticed incomplete, inaccurate, and false information.

8. On the report, Ms. Harding observed a trade line from Debt Collector.

9. Debt Collector furnished a trade line of $811 with an account number of 32981879, allegedly owed to ACS Primary Car Phys SW PA.

10. The information provided by the Debt Collector is false and was not evidenced by any supporting account-level documentation.

11. On or about February 28, 2018, Ms. Harding mailed a letter directly to the Debt Collector that disputed the account number 31895155.

12. On or about March 1, 2018, Ms. Harding mailed a letter to Equifax Information Services, LLC. ("Equifax") that disputed the validity (accuracy and completeness) of the debt that the Debt Collector was furnishing to the consumer reporting agency.

13. Ms. Harding also requested account-level documentation regarding the account the Debt Collector was inaccurately reporting.

14. Upon information and belief, Equifax notified the Debt Collector of Ms. Harding's dispute, so the Debt Collector could perform an investigation of the debt.

15. On or about March 9, 2018, Ms. Harding received the re-investigation results from Experian and noticed that the Debt Collector was now also

furnishing the same account information to Experian without disclosing that Ms. Harding had disputed the account.

16. On or about March 30, 2018, Ms. Harding received the re-investigation results from Equifax and noticed that the Debt Collector verified the account (number 32981879) without disclosing that Ms. Harding had disputed the account.

17. Upon information and belief, Equifax sent a dispute the Debt Collector providing all relevant information pursuant to 15 U.S.C. § 1681i(a)(2).

18. Debt Collector violated the FDCPA and material lowered Ms. Harding's credit score by failing to disclose Ms. Harding's dispute.

19. Debt Collector publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Ms. Harding and caused her credit denials, severe humiliation, emotional distress and mental anguish.

## V. CAUSE OF ACTION

20. This suit is based upon the Debt Collector's violations of the Fair Debt Collection Practices Act. All causes of action are the producing causes of damages, which Ms. Harding suffered.

## VI. FIRST CLAIM FOR RELIEF
### (Phoenix Financial Services)
### 15. U.S.C. § 1692(e)(8)

21. Ms. Harding re-alleges and reincorporates all previous paragraphs as if fully set out herein.

22. Debt Collector violated the FDCPA.

23. Debt Collector violation includes, but is not limited to, the following:

    a. Debt Collector violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies that alleged debt was in dispute by Ms. Harding.

24. As a result of the above violation of the FDCPA, Debt Collector is liable to Ms. Harding for actual damages, statutory damages, and costs.

## VII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Andronesia Harding respectfully demands a jury trial and requests that judgement be entered in favor of Plaintiff and against Defendant Phoenix Financial Services for:

   A. Judgment for the violations occurred for violating the FDCPA;

   B. Actual damages pursuant to 15 U.S.C. § 1692k(1)(2);

   C. Statutory damages pursuant to 15 U.S.C. § 1692k(2);

   D. Cost and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**The Law Office of
Jeffrey A. Wilson, PLLC**
4141 Southwest Freeway Ste. 425
 Houston, TX 77027
Phone: (713) 561-3011
Fax: (713) 583-5470
[jawilson.esq@gmail.com](mailto:jawilson.esq@gmail.com)

By: /s/ Jeffrey A. Wilson
**JEFFREY A. WILSON**
Fed No: 3062300